HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADELE WILLIAMS,

        Plaintiff,

    v.

SEATTLE PUBLIC SCHOOLS,

        Defendant.

CASE NO. C09-1331RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Defendant's motion to dismiss (Dkt. # 18) and three motions from Plaintiff (Dkt. ## 23-25).  No party requested oral argument, and the court finds oral argument unnecessary.  For the reasons stated herein, the court GRANTS Defendant's motion in part and DENIES it in part, GRANTS Plaintiff's motion to amend her complaint (Dkt. # 23), DENIES her remaining motions (Dkt. ## 24-25) and directs Plaintiff to comply with the court's instructions in this order.

## II.  BACKGROUND

Plaintiff Adele Williams is in the midst of her third lawsuit against Seattle Public Schools (the "District").  She asserts a variety of claims arising out of her suspension without pay from her job as an instructional assistant at a District school in March 2007, and her subsequent termination in March 2008.  She first sued in King County Superior

ORDER – 1

Court in July 2007, but obtained a voluntarily dismissal of that suit in October 2008.  She sued again in June 2009, this time in federal court.  That suit was assigned to the Honorable John C. Coughenour.  While that suit was pending, she sued again in King County Superior Court.  The District removed the third suit, and it was assigned to the undersigned judge.  Faced with two identical cases pending in this District Court, she moved for an order of voluntary dismissal from Judge Coughenour.  Judge Coughenour dismissed her second suit in a November 10, 2009 order.  Case No. C09-873JCC, Dkt. # 12.

Ms. Williams took no action to prosecute this case.  She violated the court's initial case scheduling order by failing to provide initial disclosures and failing to participate in the preparation of a joint status report.  In a November 30, 2009 minute order, the court noted that it appeared that the fault for these failures belonged to Plaintiff's counsel.  Dkt. # 12 ("Plaintiff's counsel has already violated the court's initial case management order.  Further violations may result in sanctions.").

Plaintiff's counsel moved to withdraw in January 2010.  The court granted the motion in February 2010, and notified Ms. Williams that she remained responsible for complying with her obligation to prosecute this case.  Dkt. # 16 ("Ms. Williams is now proceeding in this matter pro se.  She remains responsible for complying with all court rules and deadlines.  If she does not do so, the court may issue sanctions, including dismissal of her action for failure to prosecute it.").

So far as the record reveals, Ms. Williams did nothing to pursue her claims until June 28, 2010, when new counsel entered an appearance on her behalf.  Her new counsel promptly filed three motions:  one for an extension of time to serve the complaint on the District, one for leave to file an amended complaint, and one to extend the July 6, 2010 discovery deadline.  New counsel is quite candid in these motions.  She concedes that Plaintiff has done virtually nothing to prosecute her claims.  She has not properly served

ORDER – 2

1    the complaint and has conducted no discovery.  New counsel blames Ms. Williams' prior

2    counsel for these failures.

3         The District moves to dismiss the case on three grounds.  First, it contends that the

4    court should apply the two-dismissal rule of Fed. R. Civ. P. 41(a)(1)(B) and rule that Ms.

5    Williams' dismissal of her second lawsuit was an adjudication on the merits of the claims

6    she attempts to resurrect in this lawsuit.  Second, it asks the court to grant an involuntary

7    dismissal of this suit for failure to prosecute.  Finally, it contends that the court should

8    dismiss Ms. Williams' suit for failure to file a proper pre-suit claim in compliance with

9    RCW 4.96.020.

10                              **III.  ANALYSIS**

11        The court begins by considering Ms. Williams' motion to amend.  She seeks to file

12   an amended complaint that eliminates six of the ten causes of action enumerated in the

13   operative complaint.  *Compare* Pltf.'s Compl. (Dkt. # 1) *with* Pltf.'s Prop. Amend.

14   Compl. (Dkt. # 22) (stating causes of action for wrongful termination in violation of

15   public policy, defamation, outrage, and breach of contract).  New counsel states that the

16   "original complaint contains claims that should be dismissed for administrative failures,

17   or simply because they are not legally cognizable claims." Dkt. # 23 at 1.  For reasons

18   unknown to the court, the District opposes these amendments, insisting that the court

19   should not permit an amended complaint well past the court's deadline for amended

20   pleadings.  Unlike Defendants, the court strongly prefers to permit a Plaintiff who

21   concedes that some of her claims are baseless to withdraw those claims.  The court

22   accordingly will grant leave to amend.

23        Plaintiff concedes that the court must dismiss all of her tort claims, leaving only

24   her claim for breach of contract.  This is so because Ms. Williams undisputedly did not

25   submit a personally verified pre-suit claim for damages to the District in compliance with

26   RCW 4.96.020.  Except in circumstances not applicable here, failure to personally verify

27   a pre-suit claim mandates dismissal of claims for which a pre-suit claim is required.

28   ORDER – 3

*Johnson v. King County*, 198 P.3d 546, 549 (Wash. Ct. App. 2009).  Only Ms. Williams'
breach of contract claim remains.

The District urges the court to apply the "two-dismissal rule" of Fed. R. Civ. P.
41(a)(1)(B) to whatever claims remain.  *See Commercial Space Mgmt. Co. v. Boeing Co.*,
193 F.3d 1074, 1076 (9th Cir. 1999) (describing two-dismissal rule).  Rule 41(a) governs
"Voluntary Dismissal" of civil actions.  A plaintiff has a unilateral right to voluntarily
dismiss an action by filing "a notice of dismissal before the opposing party serves either
an answer or motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  A first
dismissal achieved in this manner is typically without prejudice, "[b]ut if the plaintiff
previously dismissed any federal- or state-court action based on or including the same
claim, a notice of dismissal operates as an adjudication on the merits."  Fed. R. Civ. P.
41(a)(1)(B).  In the District's view, application of the two-dismissal rule to Plaintiff's
dismissal of her action before Judge Coughenour means that the dismissal of that suit was
an adjudication on the merits of the claims she attempts to bring in this suit.

The court finds that the two-dismissal rule does not apply here.  Ms. Williams did
not dismiss the lawsuit before Judge Coughenour with a "notice of dismissal," as Rule
41(a)(1)(B) requires.  Instead, she filed a motion that invoked Rule 41(a) in its entirety.
She did not assert that she was entitled to a unilateral dismissal as of right, nor did she
point to the facts essential to a Rule 41(a)(1)(A)(i) notice of dismissal, (*i.e.*, that the
defendant had not filed an answer or moved for summary judgment).  Instead, she
pointed out that the District had not filed a counterclaim, and that there was no just
reason not to grant her motion.  Ms. Williams' approach was the hallmark of a Rule
41(a)(2) voluntary dismissal, which is not a matter of right, but rather a matter of the
court's discretion.  Judge Coughenour granted that motion, expressly stating that the
dismissal was without prejudice.  A Rule 41(a)(2) voluntary dismissal by court order does
not trigger the two-dismissal rule.

ORDER – 4

Two bases remain for dismissing Plaintiff's breach of contract claim.  She undisputedly failed to prosecute this case prior to late June 2010; and she has not served her complaint on the District.  Rule 41(b) gives the court discretion to involuntarily dismiss the case for failure to prosecute.  Fed. R. Civ. P. 4(m) gives the court discretion to dismiss the case for failure to serve the complaint within 120 days of filing it.

The court acknowledges that to some degree, Plaintiff's failings in this case appear to have been the fault of her former counsel.  She has new counsel now, and new counsel has taken reasonable steps to prepare this case for a resolution.  The court strongly prefers to resolve matters on their merits.  Nonetheless, the court cannot overlook that this case has been pending in one court or another for more than three years without ever advancing toward a resolution.

Balancing these concerns, the court orders as follows:

1) The court dismisses all of Plaintiff's claims, except her claim for breach of contract, without prejudice for failure to satisfy the pre-suit claim provisions of RCW 4.96.020.

2) Plaintiff may, at her election, draft an amended complaint that asserts solely her claim for breach of contract, and may properly serve it on the District no later than September 30, 2010.  If she does not do so, the court will dismiss this case *with prejudice* for failure to prosecute.

3) If Plaintiff elects to continue this action, she will have two months from date on which the District answers her complaint to complete discovery.  The court will not permit her to file dispositive motions.  Trial shall take place approximately one month following the completion of discovery, under a schedule that the court will set when the District answers the complaint.

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion to file an amended complaint (Dkt. # 23), but dismisses much of that complaint as stated above.

ORDER – 5

1    The court DENIES Plaintiff's motions for an extension of the discovery deadline (Dkt.

2    # 25), and her motion to extend the time to serve the complaint (Dkt. # 24), as those

3    motions are moot light of the deadlines set in this order.  The court GRANTS

4    Defendant's motion to dismiss (Dkt. # 18) in part, and DENIES it in part.  The court

5    directs the Clerk to VACATE the trial date and all pre-trial deadlines except those set in

6    this order.

7         DATED this 8th day of September, 2010.

8

9

10        The Honorable Richard A. Jones
          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER – 6